Robert E. Littlefield, Jr.
                                                       United States Bankruptcy Judge

So Ordered.

Signed this 12 day of January, 2015.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

SYNERGY LOGISTICS, LLC,                                    Case No. 14-11598 (REL)

                  Debtor.
-----------------------------------------------------------x

**AMENDED STIPULATION AND ORDER PROVIDING FOR (1)
CONDITIONAL DISMISSAL OF CASE; (2) ADEQUATE
PROTECTION PAYMENTS; (3) GOVERNING THE USE OF CASH
COLLATERAL; AND (4) RELATED RELIEF**

        **WHEREAS**, on July 19, 2014 (the "**Petition Date**"), Synergy Logistics, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"); and

        **WHEREAS**, the Debtor is presently the owner of certain real property located in the County of Schenectady, State of New York, identified as Section 47, Block 8, Lot 10.1, on the Tax Map of the County of Schenectady, New York and known as 689 Mariaville Road, Rotterdam, New York (the "**Property**"); and

        **WHEREAS**, prior to the Petition Date on April 3, 2003, in consideration of a loan made by General Electric Capital Corporation ("**GECC**"), the Debtor executed a certain note in which

it promised to pay the sum of One Million Two Hundred Ninety Five Thousand Dollars ($1,295,000.00) to GECC (the "**Note**"); and

WHERAS, on April 3, 2003 the Debtor executed, duly acknowledged and delivered to GECC a Mortgage ("**Mortgage**", collectively with the Note, the "**Loan Documents**") for the purpose of securing payment of the Note in the principal sum of One Million Two Hundred Ninety Five Dollars ($1,295,000.00) and the Mortgage was duly recorded in the Office of the Clerk, County of Schenectady, in liber 3105, page 874, on April 3, 2003 as a lien against the Property; and

WHEREAS, the Mortgage granted to GECC a lien on (i) the Property including all buildings and improvements then or thereafter located on the Property; (ii) all fixtures then or thereafter located on the Property; (iii) and the interest of the Debtor in all leases and rents affecting the occupancy of the Property; and (iv) assigned to GECC the leases and rents due for occupancy of the Property and permitted GECC to enter the Property for the purpose of collecting the rents and to apply same to the Debtor's indebtedness to GECC (collectively, the "**Collateral**"); and

WHEREAS, prior to the Petition Date Wells Fargo Bank, N.A., as Trustee for the Registered Holders of GE Business Loan Pass-Through Certificates, Series 2003-2 ("**Wells Fargo**") took the Loan Documents by assignment; and

WHEREAS, prior to the Petition Date, Wells Fargo obtained a Judgment of Foreclosure and Sale in the Foreclosure Action (the "**Foreclosure Judgment**"); and

WHEREAS, pursuant to the Foreclosure Judgment, a foreclosure sale of the Property was scheduled for July 24, 2014 (the "**Foreclosure Sale**"), but such sale was stayed by virtue of the Debtor's bankruptcy filing on the Petition Date; and

2

**WHEREAS**, subsequent to the Petition Date, Wells Fargo filed a motion for an Order: (i) dismissing this chapter 11 case or, alternatively; (ii) modifying the automatic stay to enable Wells Fargo to exercise its rights with respect to the Property; and (iii) prohibiting the use of cash collateral under Section 363 of the Bankruptcy Code (the "**Dismissal Motion**")[1] [Doc. No. 19] which was duly and properly served and noticed upon all parties interest; and

**WHEREAS**, on September 24, 2014, the Debtor filed a Response to Motion to Dismiss and Application to Modify Automatic Stay [Doc. No. 33], and Empire State Certified Development Corporation as servicing agent for the Small Business Administration ("**SBA**") filed a response to the Dismissal Motion [Doc. No. 31], and on September 30, 2014, Wells Fargo in further support of its Dismissal Motion filed a Reply [Doc. 34]; and

**WHEREAS**, by Stipulation and Order dated October 8, 2014, the Debtor, Wells Fargo and the SBA entered into a Stipulation and Order [Doc. No. 40] ("**Original Stipulation and Order**") requiring the Debtor to make certain adequate protection payments to Wells Fargo and the SBA and fixing certain timelines; and

**WHEREAS**, under the terms of the Original Stipulation and Order, the Debtor has paid to Wells Fargo three (3) adequate protection payments through and including the payment made December 15, 2014 in the total sum of $29,151.00; and

**WHEREAS**, subsequent to the entry of the Original Stipulation and Order, there was additional motion practice before this Court by Debtor's new counsel, seeking to vacate the terms of the Original Stipulation and Order, which relief was opposed by counsel for Wells Fargo; and

**WHEREAS**, the parties appeared before this Court on December 11, 2014 at which time counsel for the Debtor, Donald W. Biggs, Esq., counsel for the SBA, Peter M. Damin, Esq., and counsel for Wells Fargo, Leslie Berkoff, Esq. (collectively, the "**Parties**"; whereas the SBA and

---

[1] All key documents referred to herein were appended to Motion.

3

Wells Fargo are collectively referred to herein as the "**Secured Parties**"), and Kevin Purcell Esq. of the Office of the United States Trustee, as well as Richard Lucia on behalf of the Debtor, appeared before the Court, at which time the Parties, including Mr. Lucia, agreed to enter into a modified Stipulation and Order; and

**WHEREAS**, based upon the agreement reached between the Parties, the Original Stipulation and Order shall be deemed modified on the following terms and conditions.

**NOW THEREFORE**, it is hereby agreed to by and between the Parties:

1. The foregoing recitals are incorporated as if more fully set forth herein.

2. Commencing on January 15, 2015, and continuing on the fifteenth (15th) day of each successive month through and including March 15, 2015 (collectively, the "**Payment Dates**"), the Debtor shall continue to remit to Wells Fargo, by wire or certified check, the sum of $9,717.00 (collectively, the "**Wells Fargo Adequate Protection Payments**"); the Wells Fargo Adequate Protection Payments shall be sent to counsel for Wells Fargo at Moritt Hock & Hamroff LLP, 400 Garden City Plaza, Garden City, New York 11530, Attn: Leslie A. Berkoff, Esq., (by a certified check), so that each payment is received the day it is due.

3. Additionally, on those same Payment Dates, the Debtor shall remit to the SBA, the sum of $2734.47 by sending a check to Michael Zihal, SVP, Empire State Certified Development Corporation, 50 Beaver Street, Albany New York 12207 (the "**SBA Adequate Protection Payments**").

4. On or before December 24, 2014, the Debtor shall also remit to counsel for Wells Fargo, copies of any current tax bills and going forward, the Debtor shall forward to counsel for Wells Fargo within five (5) business days of its receipt of any tax bills, tax notifications or related correspondence or notices, including, but not limited to, school, or real estate taxes. The

4

Debtor shall be responsible for paying the 2014 school tax bill in the sum of $61,900.60 as well as all of the post-Petition real estate taxes which have accrued through January 31, 2015 believed to total the sum of $108,518.57 (the "**Post-Petition Taxes**") on or before February 15, 2015. Evidence of payment of the Post-Petition Taxes and shall be remitted to counsel for Wells Fargo no later than February 16, 2015 and if not received, Wells Fargo may avail itself of the default procedures under paragraph 6 below.  The Debtor understands that any tax obligation which has been or is paid by Wells Fargo will be included in the sums due Wells Fargo under paragraph 16 below.

5. The Debtor shall continue to maintain liability insurance for the Property showing Wells Fargo and the SBA as additional insured as well as property insurance showing Wells Fargo and the SBA as loss payees/mortgagees.  In the event of any changes to these policies, notice shall be provided to counsel for Wells Fargo and the SBA within three (3) business days of such change (which includes any notice of cancellation of the policies).

6. In the event that any of the following conditions are not satisfied they shall constitute an ("**Event of Default**") under the terms of this Stipulation: (i)  the Wells Fargo Adequate Protection Payments are not timely and fully received by counsel for Wells Fargo; (ii) the Debtor fails to maintain the insurance on the Property as identified in paragraph 5 above; and/or (iii) the Debtor fails to pay the School Taxes as required by paragraph 4 above.  In the Event of Default, counsel for Wells Fargo shall give five business days written notice by email to counsel for the Debtor (with a copy to counsel for the SBA and the Office of the United States Trustee) of the Event of Default and if the Event of Default is not cured within those five business days, then Wells Fargo shall be entitled to file with this Court, a declaration of non-compliance and this Court shall immediately then enter an Order dismissing this case pursuant

5

to 11 U.S.C. §1112(b)(1) which Order shall contain an *in rem* provision relating to the Property pursuant to 11 U.S.C. §362(d)(4) as detailed in paragraph 16 below.

7. Additionally, the Debtor shall be required to timely file operating reports with the Court which, pursuant to the instructions of the Office of the United States Trustee, shall include all financial information of Lucia Specialized Hauling, Inc. ("**LSH**"). Copies of these monthly reports shall be remitted by counsel for the Debtor to counsel for Wells Fargo and the SBA by the twenty-fifth (25th) day of each month.

8. The Debtor has identified its only current revenue source as the proceeds of its tenant Klein Steel Svc. in the sum of $2,796.39 per month and a lease with LSH in the sum of $12,451.47 plus an amount to pay expenses related to owning and/or occupying the Property, including real estate taxes and insurance. The rental income generated by these leases for the Property constitutes Cash Collateral of Wells Fargo as that term is defined in Section 363(a) of the Bankruptcy Code ("**Cash Collateral**").

9. The Debtor shall maintain a separate and segregated account for all revenue generated by the Property, which segregated account shall include all gross revenue and Cash Collateral existing as of the Petition Date consistent with the Debtor's existing cash management practices, or collected since the filing of this Bankruptcy case (the "**Cash Collateral Account**"). Information regarding the Cash Collateral Account will be provided to the Secured Parties by the Debtor immediately upon execution of this Stipulation. The Debtor agrees to disburse funds from the Cash Collateral Account only in accordance with the terms of this Stipulation.

10. The Debtor is prohibited from commingling the Cash Collateral with monies from any other sources. Cash Collateral is to remain in the Cash Collateral Account until expended under the terms of this Stipulation or other Order of the Court and shall be used only to pay the

real property or school taxes due on the Property, the Adequate Protection Payments described herein, quarterly fees to the office of the U.S. Trustee and utility bills, real property and school taxes, and insurance.

11. To the extent that the Rent, i.e. Wells Fargo's Cash Collateral, is utilized to pay the limited authorized obligations of the Debtor in this case as set forth in this Order, i.e., the Wells Fargo Adequate Protection Payments and the SBA Adequate Protection Payments, then in order to secure and provide adequate protection to Wells Fargo for the use of the Cash Collateral, to the extent of any diminution in the value of Wells Fargo's interest in the Cash Collateral resulting from the use of the Cash Collateral, Wells Fargo is hereby granted pursuant to Section 361 and 363(e) of the Bankruptcy Code a valid, binding, enforceable and perfected continuing replacement first-priority lien and security interest (the "**Replacement Liens**") in and on any of the Debtor's Collateral including all real and personal property (both tangible and intangible), equipment, accounts receivable or rents of the Debtor, including all post-petition contract rights, agreements or the like, and all other assets of the Debtor, of any kind or nature, wherever located, now owned or hereafter acquired or arising, whether or not constituting Wells Fargo's pre-petition collateral, senior to all other liens against the Debtor's estate including without limitation, the SBA.

12. In addition to the Replacement Liens granted pursuant to this Stipulation, Wells Fargo reserves its right to assert an administrative claim for any monies utilized by the Debtor (the "**Adequate Protection Claims**").

13. Wells Fargo is authorized, but not required, to file or record financing statements, mortgages or notices of lien or similar instruments in any jurisdiction or to take any other action in order to perfect the liens and security interests granted hereunder. A certified copy of this

7

Order may, in the discretion of Wells Fargo, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording.

14.   The Debtor acknowledges that Cash Collateral has not and shall not, directly or indirectly, be used to pay any operating expenses, whether or not constituting administrative expenses, unless expressly set forth in this Order or separately authorized by Wells Fargo in writing and approved by Order of this Court.

15.   The Debtor understands that Wells Fargo has not consented to any carve-out in this case for the Debtor's professionals including counsel or any other professional retained by the Debtor.  Moreover, the Debtor agrees that it will not seek to surcharge Wells Fargo's collateral under Section 506(c) of the Bankruptcy Code.

16.   The Debtor has been given a short window of time to satisfy in full the sums due Wells Fargo, including those identified in the Foreclosure Judgment, which sum the Debtor acknowledges has increased since the notice of entry of the Foreclosure Judgment by the accrual of per diem interest, attorneys' fees, and other fees and expenses.  (The Debtor will be given credit for any of the Wells Fargo Adequate Protection Payments that it makes). The Debtor acknowledges that this revised sum must be paid in full on or before March 31, 2015.  If the Debtor cannot satisfy this obligation in full on or before March 31, 2015, then Wells Fargo shall be entitled to file with this Court, a declaration of non-compliance with notice sent by email to counsel for the Debtor (with a copy to counsel for the SBA and the Office of the United States Trustee), and this Court shall then enter an Order dismissing this case without prejudice pursuant to 11 U.S.C. §1112(b)(1) but containing an *in rem* provision with respect to the Property

pursuant to 11 U.S.C. §362(d)(4).  Specifically this Order shall provide as to Wells Fargo's interest in the Property, that any and all future filings by any person or entity with an interest in the Property, including but not limited to, the Debtor, any affiliate of the Debtor, Mr. Lucia or his wife, LSH or any other tenant currently at the Property or which may subsequently become a tenant at the Property will not operate as an automatic stay against Wells Fargo in respect to the Collateral and its successors and/or assigns for a period of two years after the date of entry of this Order.

17.    For the avoidance of doubt, the pending bar date shall not apply to Wells Fargo.

18.    The Debtor acknowledges that it is not being given an extension of time to file the Plan but only to satisfy the terms of this Amended Stipulation and Order.  The Debtor further understands and acknowledges that if the Debtor cannot pay Wells Fargo off in full on or before March 31, 2015, absent Wells Fargo's written consent to extend the terms of this Stipulation, this Court will enter an Order of Dismissal in keeping with the provisions of paragraph 16 above which shall be effective immediately upon entry such that Wells Fargo shall be authorized to execute upon the Judgment of Foreclosure and sell the Property at a foreclosure sale.  The Debtor and its principal further acknowledge that they have no defenses to the completion of the foreclosure process and the sale of the Property pursuant to a Foreclosure Judgment, and that any attempt to file further bankruptcy cases to stay such sale will be of no avail.

19.    In the event that Wells Fargo is paid in full on or before March 31, 2015, then in such event the Debtor may enter into a Stipulation with the Office of the United States Trustee extending the time to file a plan and disclosure statement.

20.    The stipulations and admissions contained in this Order shall be binding upon the

Debtor and all other parties in interest, and the Stipulations set forth in the numbered paragraphs shall be binding on the SBA. All of the liens of Wells Fargo shall be deemed to have been granted under this Order, and existing prior to the Petition Date, are hereby found to be legal, valid, binding and perfected, not subject to re-characterization, subordination or avoidance.

21. Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair (a) any of the rights of Wells Fargo to: (i) request modification of the automatic stay of Section 362 of the Bankruptcy Code, (ii) request conversion of the Chapter 11 case to a case under Chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a chapter 11 plan or (iv) any other rights, claims or privileges (whether legal, equitable or otherwise) of Wells Fargo or the SBA.

22. Each party signing this agreement hereby covenants and warrants to the other party that he or she is fully authorized to sign the agreement on behalf of the party or the parties he or she represents and is fully authorized to hold the party to all of the terms of this agreement.

23. Wells Fargo's failure to seek relief or otherwise exercise its rights and remedies under the Loan Documents or this Order or the prior Stipulation and Order shall not constitute a waiver of any of its rights hereunder, thereunder or otherwise.

24. Wells Fargo shall be deemed to be a party-in-interest for all purposes in this Chapter 11 case with the right and opportunity to appear and be heard on all matters arising in this Chapter 11 case.

25. In the event an order converting or dismissing this case under Section 1112 of the Bankruptcy Code or otherwise is at any time entered, the terms and provisions of this Order shall

survive conversion or dismissal and this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the same.

26. This agreement may be executed in multiple counterparts and all such counterparts taken together shall be deemed to constitute all and the same instrument. Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this agreement shall be deemed to be a duplicate original.

27. Consistent with the agreements placed on the record at the Conference, the following hearing date has been scheduled before the Court for status purposes and may be moved by counsel for Wells Fargo upon written notice to the Debtor, the SBA and the Office of the United States Trustee will be conducted by January 21, 2015 at 11:00 a.m., at which time a telephone conference with the Court for purposes of status, which may be adjourned upon the joint request of the Parties.

Dated: January 9, 2015

| MORITT HOCK & HAMROFF LLP | O'CONNELL & ARONOWITZ, P.C. |
|---|---|
| By: /s/ Leslie A. Berkoff<br>    Leslie A. Berkoff | By: /s/ Donald W. Briggs<br>    Donald W. Biggs |
| 400 Garden City Plaza<br>Garden City, New York 11530<br>(516) 873-2000 | 206 West Bay Plaza<br>Plattsburgh, NY 12901<br>518-562-0600 |
| *Attorneys for Wells Fargo Bank, N.A., as Trustee for the Registered Holders of GE Business Loan* | *Attorney for Debtor* |

| | |
|---|---|
| LEMERY GREISLER LLC | SYNERGY LOGISTICS, LLC |
| By: /s/ Peter M. Damin | By: /s/ Richard Lucia |
|     Peter M. Damin |     Richard Lucia, President |
| 50 Beaver Street | |
| Albany, NY 12207 | |
| (518) 433-8800 | |

*Attorneys for Empire State Certified Development Corporation as servicing agent for United States Small Business Administration*

No Objection:

Office of the United States Trustee

By: /s/ Kevin Purcell
    Kevin Purcell